SMM/sjs    06-0096

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DONNA HANSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 4:06-cv-118 |
| | ) |
| NATIONAL RAILROAD PASSENGER | ) Honorable Richard Alan Enslen |
| CORPORATION, Individually, and | ) |
| d/b/a AMTRAK, | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT AT LAW

Now comes the Plaintiff, DONNA HANSON (hereinafter "HANSON"), by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, Individually, and d/b/a AMTRAK (hereinafter "AMTRAK"), states as follows:

### COUNT I

### NEGLIGENCE

1.    On and before February 5, 2006, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control trains and their related component parts, including Amtrak train number 352, originating from Union Station in Chicago, Cook County, Illinois, and destined for Kalamazoo, Michigan.

2.    On February 5, 2006, at the aforesaid location, Plaintiff, HANSON, was a business-invitee of AMTRAK, and boarded AMTRAK Train #352 at Union Station, Chicago, Illinois, enroute to the AMTRAK station in Kalamazoo, Michigan, that was, at all relevant times, owned, operated,

managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

3. On February 5, 2006, AMTRAK Train #352, arrived at the AMTRAK Station in Kalamazoo, Michigan, and Plaintiff, HANSON, a business-invitee, of Defendant, AMTRAK, was lawfully on the premises.

4. On February 5, 2006, at the aforesaid location, Plaintiff, HANSON, was directed by AMTRAK personnel to exit AMTRAK Train #352, by way of stairs provided by AMTRAK, when she was caused to fall as a result of the unsafe and dangerous condition of said stairs and area of egress.

5. Defendant, AMTRAK, by and through their agents, servants and employees, owed a duty of care to its business invitees, including Plaintiff, HANSON, to properly maintain, control, operate and inspect the aforementioned stairs and means of egress to ensure that they were safe for use by its patrons.

6. On and before February 5, 2006, Defendant, AMTRAK, was negligent in one or more of the following respects:

    a. failed to properly inspect the stairs and floor at or near the area complained of to make sure that said area was free of snow, ice, liquid, water and other substances and debris, which could cause injury to Plaintiff;

    b. allowed and permitted certain snow, ice, liquids, water and other substances and debris to remain upon the stairs at the aforementioned area of egress when Defendant knew, or should have known, of the existence of same;

    c. failed to warn Plaintiff of the existence of the snow, ice, liquid, water, substances and other debris on the stairs and floor of the area of egress;

    d. failed to block off, rope, cordon off or otherwise clear, the area that contained the snow, ice, liquid, water, substances and other debris;

 e. failed to provide adequate lighting so as to allow Plaintiff to see the snow, ice, liquid, water, substances and other debris on the stairs and floor;

 f. failed to adequately maintain the aforementioned stairs, floor and area of egress, so as to keep the area clear of snow, ice, liquid, water, substances and other debris hazardous to customers;

 g. failed to adequately maintain the aforementioned stairs and floor so as to ensure a skid-resistant surface;

 h. failed to adequately maintain the aforementioned floor so as to ensure a liquid-repellant surface;

 i. designed, created, constructed, installed, and maintained a floor surface that was not sufficiently skid-resistant so as to allow Plaintiff to maintain her balance;

 j. designed, created, constructed, installed, and maintained stairs and a floor surface that was not sufficiently skid-resistant when wet or in contact with snow, ice, liquid, water, substances and other debris;

 k. designed, created, constructed, installed, and maintained a thoroughfare and passageway, intended for use by customers, that did not provide adequate lighting;

 l. designed, created, constructed, installed, and maintained stairs and a floor surface that could not sufficiently repel snow, ice, liquid, water, substances and other debris so as to prevent injury to customers;

 m. designed, created, constructed, installed and maintained a thoroughfare, passageway and stairwell, intended for use by customers, that did not provide an adequate guardrail or handrail so as to allow Plaintiff to maintain her balance;

 n. designed, created, constructed, installed and maintained a thoroughfare, passageway and stairwell, intended for use by customers, that did not provide an adequate guardrail or handrail so as to allow Plaintiff to prevent her fall; and

 o. failed to warn Plaintiff of the lack of guardrails and/or handrails on the stairs and the area of egress;

7. As a proximate result of one or more of the aforesaid negligent acts and/or omissions

3

by Defendant, AMTRAK, Plaintiff, HANSON, suffered injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DONNA HANSON, demands judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, Individually, and d/b/a AMTRAK, in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II

## PREMISES LIABILITY

1. On and before February 5, 2006, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control trains and their related component parts, including Amtrak train number 352, originating from Union Station in Chicago, Cook County, Illinois, and destined for Kalamazoo, Michigan.

2. On February 5, 2006, at the aforesaid location, Plaintiff, HANSON, was a business-invitee of AMTRAK, and boarded AMTRAK Train #352 at Union Station, Chicago, Illinois, enroute to the AMTRAK station in Kalamazoo, Michigan, that was, at all relevant times, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

3. On February 5, 2006, AMTRAK Train #352, arrived at the AMTRAK Station in Kalamazoo, Michigan, and Plaintiff, HANSON, a business-invitee, of Defendant, AMTRAK, was lawfully on the premises.

4. On February 5, 2006, at the aforesaid location, Plaintiff, HANSON, was directed by AMTRAK personnel to exit AMTRAK Train #352, by way of stairs provided by AMTRAK, when she was caused to fall as a result of the unsafe and dangerous condition of said stairs and area of egress.

4

5.     Defendant, AMTRAK, by and through its agents, servants and employees, owed a duty of care to its customers, including Plaintiff, HANSON, to maintain its premises in a reasonably safe condition.

6.     On and before February 5, 2006, the premises owned, operated, managed, maintained, supervised and controlled by Defendant, AMTRAK, was not in a reasonably safe condition in that:

    a.    said floor and/or stairs had a surface that was not sufficiently skid-resistant so as to allow Plaintiff to maintain her balance;

    b.    said floor and/or stairs had a surface that was not sufficiently skid-resistant when wet or in contact with snow, ice, water, liquid substances and other debris, so as to prevent injury to customers;

    c.    said thoroughfare and passageway, intended for use by customers, did not provide adequate guardrails and/or handrails;

    d.    said floor and/or stairs had a surface that was could not sufficiently repel snow, ice, water, liquid substances and other debris so as to prevent injury to customers;

    e.    said floor and/or stairs had snow, ice, water, liquid substances or other debris upon it;

    f.    said thoroughfare, passageway and area of egress lacked notice, warning and/or signage to alert customers of the presence of said snow, ice, water, liquid, or other debris on the floor and/or stairs; and

    g.    said thoroughfare, passageway and area of egress lacked notice, warning and/or signage to alert customers of the absence of guardrails and/or handrails.

7.     As a direct and proximate result of one or more of the unreasonably dangerous conditions existing on the premises, Plaintiff, HANSON, suffered injuries of a personal and pecuniary nature.

8.     Plaintiff, HANSON, brings this cause of action pursuant to premises liability doctrine set forth in Restatement (Second) of Torts § 343 (1965).

WHEREFORE, Plaintiff, DONNA HANSON, demands judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, Individually, and d/b/a AMTRAK, in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

        s/ Richard F. Burke, Jr.
Attorney for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street
31st Floor
Chicago, Illinois 60602
(312) 899-9090
ARDC No.: 03121588