UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

DONNA HANSON,

            Plaintiff,

                               Case No. 4:06-CV-118

v.

                               Hon. Richard Alan Enslen

NATIONAL RAILROAD
PASSENGER CORPORATION,
d/b/a AMTRAK,

            Defendant.

                               **OPINION**

_____/

      This matter is before the Court on the Motion for Summary Judgment of Defendant National Railroad Passenger Corporation d/b/a Amtrak (hereafter "Amtrak").  Defendant seeks summary judgment regarding Plaintiff Donna Hanson's suit for personal injuries sustained when Hanson exited Amtrak Train #352 on February 5, 2006 in Kalamazoo, Michigan.  Oral argument is unnecessary in light of the briefing.

**FACTUAL BACKGROUND**

      This suit was originally filed in the Circuit Court for Cook County, Illinois and then removed pursuant to 28 U.S.C. §§ 1331, 1441 and 1449 to the Western District of Michigan.  Given that Amtrak is more than 50 percent owned by the United States of America, federal jurisdiction extends to this suit under the terms of sections 1331 and 1449.  *See In re Rail Collision Near Chase, Md. on Jan. 4, 1987 Litig.*, 680 F. Supp. 728, 729-30 (D. Md. 1987) (citing *Osborn v. Bank of the United States,* 22 U.S. (9 Wheat.) 738 (1824); *Pacific R.R. Removal Cases,* 115 U.S. 1, 5 (1885); *Anderson v. Nat'l R.R. Passenger Corp.,* 754 F.2d 202 (7th Cir. 1984); *Ehm v. Nat'l R.R. Passenger Corp.,*

732 F.2d 1250 (5th Cir. 1984); and *Sentner v. Amtrak,* 540 F. Supp. 557 (D. N.J. 1982).)  Removal jurisdiction has not been challenged, and the Court finds there to be removal jurisdiction premised on the controlling statutes and the stock ownership of Amtrak  by the Secretary of Transportation. *See* 49 U.S.C.A. § 24304 historical notes (West 2007).

Having reviewed the briefing in a light most favorable to Plaintiff, the record demonstrates that the following events occurred on February 5, 2006.  Plaintiff's train arrived at 3:00 p.m. to a well-lit station.  (Hanson Dep. 78.)  There was a step stool placed between the train stairs and the station platform.  (*Id.*)  Plaintiff tripped when her right foot alighted on the stool, but she cannot explain the cause of her fall.  (*Id.* at 81.)  Her explanation was: "[y]our guess is as good as mine." (*Id.*)  Plaintiff did, in reporting her injury, attribute the fall to a lack of a handrail and the presence of snow on the stool.  (Pl.'s Ex. B ("Injury Report") at 2.)  This earlier report, however, fails to explain how she would have utilized a handrail when her hands were carrying a crochet bag and purse.  (*See* Hanson Dep. 62.)  It also fails to explain how a handrail would have been useful since it would not have extended to the step stool where the fall occurred.  (*See id*. at 81-82, 87-88.)  While the presence of snow is sometimes a contributing factor to a fall, the presence of the snow was obvious to Hanson from the top of the steps.  (*See id*. at 79-80, 102-105.)  Plaintiff has failed to submit any expert testimony supporting a theory that her fall was due to the negligence of Amtrak and/or a defect of the premises.  During Plaintiff's subsequent ambulance and hospital treatment, she attributed her fall to the snow.  (Def.'s Ex. 2 & 3.)  In a later statement to a physician, she attributed the fall to having "stepped wrong."  (Def.'s Ex. 4.)

2

## SUMMARY JUDGMENT STANDARDS

Amtrak's Motion is brought pursuant to Federal Rule of Civil Procedure 56. Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

While this analysis assumes the adequacy of discovery, a party cannot oppose summary judgment based on vague generalizations that discovery has been inadequate. Rather, under the language of Rule 56 and the case law of this Circuit, a party urging that discovery has been insufficient must file a specific affidavit establishing that "the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Rule 56(f); *Klepper v. First Am. Bank*, 916 F.2d 337, 343 (6th Cir. 1990); *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995). In this case, Plaintiff has requested a further continuance of the Motion for Summary Judgment to conduct additional discovery. However, a sufficient Rule 56(f) affidavit has

3

not been filed and Plaintiff has failed to establish sufficient reasons for delaying consideration of this Motion.   As such, no delay is warranted.

In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions.  *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994).  The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor.  *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255).  The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## LEGAL ANALYSIS

Plaintiff's legal claims are stated in two counts: Count One for negligence and Count Two for premises liability (arising from the same acts of negligence alleged in Count One).  The parties' briefing have treated Michigan law as controlling this controversy.  *See, e.g., Hollus v. Amtrak Ne. Corridor*, 937 F. Supp. 1110, 1114 (D.N.J. 1996) (holding that New Jersey law controlled Amtrak's liability for a slip and fall injury occurring on its New Jersey premises).

Under Michigan law, to establish a *prima facie* claim sounding in tort,

. . . a plaintiff must introduce evidence sufficient to establish that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach was a proximate cause of the plaintiff's injuries, and (4) the plaintiff suffered damages.

*Spikes by Simmons v. Banks*, 586 N.W.2d 106, 113 (Mich. Ct. App. 1998) (citing *Phillips v. Deihm,* 541 N.W.2d 566, 572 (Mich. Ct. App. 1995)); *Taylor v. Laban,* 616 N.W.2d 229, 232 (Mich. Ct. App. 2000) (same).

In the context of premises liability, a business owner is not considered an insurer, but has only a duty to exercise reasonable care to prevent injury to invitees from unreasonably dangerous conditions upon the land. *Lugo v. Ameritech Corp., Inc.*, 629 N.W.2d 384, 386-87 (Mich. 2001). This duty does not extend to "open and obvious" dangers unless there are "special aspects" of the condition which render it unreasonably dangerous. *Id.* In the *Lugo* suit, the Michigan Supreme Court held that a pot hole in a parking lot was an open and obvious danger not imposing any duty on the landowner to warn or prevent injury. *Id.* Similarly, in *Corey v. Davenport College of Business*, 649 N.W.2d 392,393-95 (Mich. Ct. App. 2002), *Joyce v. Rubin*, 642 N.W.2d 360, 362-63 (Mich. Ct. App. 2002), and *Teufel v. Watkins,* 705 N.W.2d 164, 166 (Mich. Ct. App. 2005), the Michigan Court of Appeals held that snow and ice on entry steps (in *Corey*) and pavement (in *Joyce* and *Teufel*) constituted "open and obvious" dangers not subject to a legal duty of the landowner to protect the invitee.

As noted above, a plaintiff's proof of her *prima facie* case must also support an inference that the landowner's negligence was a proximate cause of plaintiff's injuries. Mere speculation as to the cause of an injury is insufficient. *Skinner v. Square D Co.*, 516 N.W.2d 475, 479-80 (Mich. 1994) (granting judgment in the absence of evidence that a defect in an electrical switch was the proximate cause of an electrocution). This rule applies with equal force to slip and fall cases. *Siewert v. Sears, Roebuck & Co.*, 441 N.W.2d 9, 10 (Mich. Ct. App. 1989) (applying *Skinner* ruling to a slip and fall in the absence of evidence as to the cause of the fall).

In this case, Plaintiff's admissions that she did not know the cause of her fall, together with the absence of any other supporting or expert testimony, means her proofs of causation are, as in *Skinner* and *Siewert*, wholly speculative. As such, the record does not support an inference that any

5

defect in the premises or negligence of the landowner was the proximate cause of Plaintiff's injuries. This is especially so concerning Plaintiff's earlier statements about the absence of a handrail. While the absence of a handrail is a condition which, in certain cases, may contribute significantly to an accident, the record does not support such an inference in this case. In this case, the fall occurred on the step stool, which would have been beyond the reach of any handrail within the coach (even assuming that Plaintiff's hands were free at that time, which they were not). It is possible, based on Plaintiff's testimony, that snow or ice on the step stool may have contributed to the accident. However, the snow or ice was an open and obvious danger as to which the landowner did not owe the invitee any duty to warn or prevent injury. Therefore, summary judgment shall be granted in favor of Amtrak as to all claims brought.

<u>**CONCLUSION**</u>

Judgment shall enter granting Defendant Amtrak's Motion for Summary Judgment and dismissing Plaintiff's claims with prejudice.

/s/ Richard Alan Enslen

DATED in Kalamazoo, MI:    RICHARD ALAN ENSLEN
    November 8, 2007    SENIOR UNITED STATES DISTRICT JUDGE