UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DONNA HANSON,

        Plaintiff,

v.

NATIONAL RAILROAD PASSENGER
CORP., individually and d/b/a AMTRAK,

        Defendant.
_____/

Case No. 4:06-CV-118

Hon. Richard Alan Enslen

**ORDER**

      Very occasionally, the Court sees a motion which is unopposed when there is no basis in law or fact to grant it. This is such occasion, and the Court can thank the parties for the opportunity to remove their legal rubbish.

      Plaintiff, through counsel, has filed a Motion to Add to the Record pursuant to Federal Rule of Appellate Procedure 10(e) as well as for extraordinary relief–a writ of mandamus directed toward a court reporter for the Northern District of Illinois. The Motion is unopposed–apparently proving that defense counsel is indifferent or ignorant as to the legal requirements for such a motion. *See* M.R.P.C. 3.3(a)(3) (requiring counsel to inform a tribunal of controlling legal authorities).

      This Motion is frivolous. First, Federal Rule of Appellate Procedure 10(e) permits the supplementation of a record when the formal record omits matters considered by the trial court; it does not permit supplementation of the record to add materials never considered by the trial court. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003); *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982). The supplemental materials requested here–a "transcript" of a July 25, 2006 court hearing before the Northern District

of Illinois-- has not even been prepared, and was never provided to the Court in any format, such that supplementation is not permitted by precedent.  Second, Plaintiff asks for the extraordinary remedy of a mandamus writ directed to a court reporter in the Northern District of Illlinois, who has apparently not responded to a telephone request.  (Mot. ¶ 7.)  This reporter is supervised by the Northern District of Illinois, which would be the appropriate court to issue a mandamus writ, were one to issue.  *See* 28 U.S.C. § 753(c); *see also Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (holding that district court lacked jurisdiction to issue a mandamus writ against officials located outside the district); *Borntrager v. Stevas*, 772 F.2d 419, 421 (8th Cir. 1985) (holding that district court lacked personal jurisdiction over official located outside the district).  Third, the meager attempts by Plaintiff's counsel to obtain the transcript do not warrant the issuance of a writ of mandamus against the court reporter given the extraordinary nature of that relief.  *See In re Stuffle*, 1991 WL 172738, *1 (4th Cir. Sept. 9, 1991) (holding that party who sent a single, unregistered letter to the court reporter had not made a sufficient showing that the court reporter failed to perform a duty owed to the party); *see also In re Lott,* 424 F.3d 446, 449 (6th Cir. 2005).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Add to the Record (Dkt. No. 87) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
    December 20, 2007  RICHARD ALAN ENSLEN
    SENIOR UNITED STATES DISTRICT JUDGE